UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TELEENA M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C20-5102-MAT <br><br> ORDER RE; SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1997.[1] She has a 9th-grade education and previously worked

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE; SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

as a fast-food cashier. (AR 35, 164.)

Plaintiff applied for SSI in March 2017, alleging disability as of February 1, 2017.[2] (AR 292-304.) That application was denied and Plaintiff timely requested a hearing. (AR 83-86, 91-98.)

On October 18, 2018, ALJ Malcolm Ross held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 30-55.) On December 31, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-25.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on December 13, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since March 30, 2017, the application date. (AR 17.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's status post removal of intracranial arachnoid cyst, migraine with aura, and post-traumatic stress disorder. (AR 17-18.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or

---

[2] At the administrative hearing, Plaintiff amended the alleged onset date to March 30, 2017. (AR 33.)

equal the criteria of a listed impairment. (AR 18-19.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a full range of work at all exertional levels, with the following non-exertional limitations: she can tolerate occasional exposure to noise greater than moderate (level 3), and occasional exposure to extreme vibration or hazards, such as heights and machinery. She can perform simple, 1-2-step tasks, "without occasional, superficial interaction with others, and routine workplace changes." (AR 19-20.)

The ALJ found that Plaintiff had no past relevant work (AR 24), and therefore moved on to step five, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of performing representative occupations such as routing clerk, laundry worker II, and janitor. (AR 24-25.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting her subjective symptom testimony, (2)

discounting an examining psychologist's opinion, and (3) discounting her mother's lay statement. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

Subjective symptom testimony

The ALJ discounted Plaintiff's testimony because (1) Plaintiff's allegations of disabling physical limitations are inconsistent with the objective medical evidence, and (2) Plaintiff's presentation at psychological examinations was "dramatically different" than her presentation to treating providers. (AR 20-22.) Plaintiff argues that the ALJ's reasons to discount her allegations of physical limitations are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Specifically, Plaintiff argues that the ALJ's reasoning is insufficient because testimony cannot be discounted solely because of a lack of corroboration by objective evidence. Dkt. 8 at 3. The ALJ stated that Plaintiff had a cyst removed from her brain and thereafter reported headaches and memory issues. (AR 21.) The ALJ pointed to normal objective findings upon an MRI of Plaintiff's brain, and also noted that neurological examinations showed normal strength and muscle tone, normal gait and coordination, and normal mood and affect. (*Id.*)

The ALJ also discussed Plaintiff's allegations of seizures, and noted that doctors could not find any objective medical evidence to support the existence of these seizures, but instead referred Plaintiff to follow up with a psychiatrist for these seizures. (AR 17-18.) The Court notes that there are no records related to psychiatric evaluation or treatment. (*See* AR 406, 540, 551, 589-90, 624.) In light of the evidence showing normal neurological functioning, the ALJ found Plaintiff's pseudoseizures did not cause significant vocational limitations and were therefore non-severe. (AR 17-18.)

It is true that the Ninth Circuit has found that a mere lack of objective corroboration for a claimant's pain is not a sufficient reason to discount a claimant's allegation of disabling pain. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). In this case, however, the ALJ cited findings that contradict (not merely fail to corroborate) Plaintiff's allegations of physical limitations, namely the normal neurological findings post-surgery. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). The ALJ's RFC assessment nonetheless included seizure precautions out of an abundance of caution. (AR 18.)

Furthermore, the ALJ also provided unchallenged reasoning regarding Plaintiff's allegations of mental limitations (AR 21-22), which also supports the ALJ's interpretation of Plaintiff's subjective testimony. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1224-25 (9th Cir. 2010) (citing an ALJ's valid reasons to discount plaintiff's physical allegations supported the ALJ's discounting of plaintiff's mental allegations).

For all of these reasons, the Court rejects Plaintiff's contention that the ALJ discounted Plaintiff's testimony only based on a lack of corroboration in the medical evidence. Because the ALJ provided clear and convincing reasons to support his assessment, the ALJ's evaluation of Plaintiff's testimony is affirmed.

Medical evidence

Alyssa Ruddell, Ph.D., examined Plaintiff in January 2018 and completed a DSHS form opinion describing Plaintiff's psychological symptoms and limitations. (AR 551-55.) The ALJ

summarized Dr. Ruddell's conclusions and indicated that he did not find them persuasive because Dr. Ruddell relied heavily on Plaintiff's non-credible self-report, and because Dr. Ruddell's mental status examination was not entirely consistent with the severe limitations Dr. Ruddell described. (AR 23.) Plaintiff challenges the ALJ's assessment of Dr. Ruddell's opinion.

Legal standards

Under the regulations applicable to this case, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[3] The ALJ must articulate and explain the persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the two most important factors in the evaluation. *Id*. at (a), (b)(1)-(2). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at (c)(1)-(2). The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements. *Id*. at (b)(2), (c)(3)-(5). *But see id*. at (b)(3) (where finding two or more opinions/findings about same issue equally supported and consistent with the record, but not exactly the same, ALJ will articulate how other factors were considered). Where a single medical source provides multiple

---

[3] "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review . . . in [a] claim based on their review of the evidence in your case record[.]" 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

ORDER RE; SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

opinions or findings, the ALJ conducts a single analysis and need not articulate how each opinion or finding is considered individually. *Id*. at (b)(1).

The ALJ's reasoning

Plaintiff disputes the ALJ's finding that Dr. Ruddell relied heavily on her self-report, pointing to Dr. Ruddell's clinical interview and mental status examination. Dkt. 8 at 4. But much of Dr. Ruddell's findings represent a reiteration of Plaintiff's self-report (AR 552-53), and Dr. Ruddell herself noted that "[i]nformation in this evaluation represents client report[,]" because Dr. Ruddell did not have access to Plaintiff's treatment record, as the ALJ emphasized. (AR 551.) Moreover, Plaintiff did not challenge the ALJ's discounting of Plaintiff's allegations of mental limitations, and therefore the Court finds that to the extent Dr. Ruddell relied on Plaintiff's self-reporting, the ALJ did not err in finding that this reliance undermined the supportability of Dr. Ruddell's opinion.

Furthermore, Dr. Ruddell's mental status examination was not necessarily consistent with the marked and severe limitations described by Dr. Ruddell. For example, Dr. Ruddell opined that Plaintiff was markedly limited in her ability to maintain appropriate behavior in a work setting (AR 553), and yet described her attitude and behavior as within normal limits, with appropriate eye contact and interaction, and normal stream of mental activity and speech (AR 554). The ALJ reasonably found that Dr. Ruddell's conclusions were not entirely supported by the mental status examination results.

Because the ALJ's evaluation of the persuasiveness of Dr. Ruddell's opinion is supported by substantial evidence, the ALJ did not err in discounting the opinion.

Lay statement

Plaintiff's mother, April Cherry, completed a third-party function report describing

Plaintiff's symptoms and limitations. (AR 173-80.) The ALJ summarized Ms. Cherry's report and found that it has "little probative value" because Ms. Cherry is not medically trained to render opinions and can only report her own lay observations, "which are not necessarily reflective of the claimant's maximal capacities, especially in light of the medical evidence." (AR 23.) An ALJ must provide germane reasons to discount a lay statement. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

The Commissioner concedes that the ALJ's reasoning is invalid under Ninth Circuit case law, but argues that this error is harmless because Ms. Cherry described similar symptoms and limitations as Plaintiff, and the ALJ provided sufficient reasons to discount Plaintiff's allegations which apply equally to Ms. Cherry's report. Dkt. 9 at 8. Indeed, Ms. Cherry's report describes limitations caused by Plaintiff's seizures, headaches, and memory loss, each of which the ALJ explicitly considered in his discussion of Plaintiff's allegations. (*Compare* AR 173-80 *with* AR 17-18, 20-22.) Plaintiff did not address the Commissioner's harmless error argument on reply (Dkt. 10 at 5), and the Court finds that because the ALJ's decision adequately discusses and evaluates the same limitations described by Ms. Cherry in the discussion of Plaintiff's allegations, the ALJ's error in the stated reasons for discounting Ms. Cherry's report is harmless. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony")).

/ / /

/ / /

/ / /

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 24th day of July, 2020.

Mary Alice Theiler
United States Magistrate Judge